Good morning everyone. Before we begin, Judge Bumate and I would like to welcome and thank Judge Seiler from the circuit who's sitting with us this week. Welcome and thank you Judge Seiler. You're welcome. The first case on calendar for argument is United States v. Jose Luis Arteaga-Centeno. Counsel for appellant please proceed. Good morning and may it please the I will reserve two minutes for rebuttal please. This appeal is about holding the government to the same rules as other litigants. The government violated the rules of Mr. Arteaga's immigration proceedings and his criminal case. As a result, the immigration court lacked jurisdiction to remove him and the district court did not have jurisdiction to reconsider a final judgment in his favor. I'll start with the district court's jurisdiction. After Mr. Arteaga initially won below, the government appealed then moved for an indicative ruling under rule 37 in the district court and moved this court for a remand under rule 12.1. Before this court decided on the remand motion it dismissed its appeal. The government chose not to litigate remand because it did not want district court's order releasing Mr. Arteaga during the appeal to go into effect and it also did not want to appeal or further litigate that release order. So it thought up a shortcut. It just dismissed its appeal and then moved for reconsideration in the district court 45 days after final judgment. That shortcut does not work because neither the government's rule 37 motion nor its late reconsideration motion vested the district court with jurisdiction to reconsider the final judgment. District court disagreed because the government moved under rule 37 within 30 days of final judgment. There's no decision from any court that the government has cited or I'm aware of that reaches that same holding and the district court's holding is contrary to federal rule of reasoning in Ibarra about reconsideration motions. Council why don't we consider the movement under rule 37 to be the substantive ruling for motion for reconsideration because rule 37 is not a substantive motion it's it's just for an indicative ruling on a substantive motion so when you rule when you ask for rule 37 indicative ruling you're substantively moving under another underlying motion such as the motion we consider here. So your honor rule 37 and rule 12.1 are exceptions to the general rule that parties move with it parties are litigating in a single forum so here rule 12.1 places exclusive authority in this court it requires a remand from this court before a district court regains jurisdiction as a result of a motion filed under rule 37. There's no special exception for rule 37 motions filed under rule 37 within 30 days of final judgment otherwise if this court denied remand under rule 12.1 then the government could actually override that by dismissing its appeal at any point during the appellate litigation and then go back down. But doesn't what matters is when the timing of the government's motion for reconsideration if they moved it simultaneously with 30 rule 37 I agree with you that this court didn't have jurisdiction but we're talking about timing of making a motion so why wasn't their timing proper? Because rule 37 is an exception to the general rule right so without rule 37 they couldn't have there's the government the court would have had to the district court would have had to dismiss the reconsider the quote-unquote reconsideration motion for lack of jurisdiction so rule 37 allowed the district court a limited power to consider it and to indicate what it would do but that the motion doesn't act as a reconsideration motion because that's not one of the features of rule 37 so my argument is that rule 37 and rule 12.1 are kind of like two sides of a coin and the only the only purpose of rule 37 is to give this court more information under rule 12.1 to make a decision about whether to remand or not to remand. Are you saying you're saying that rule 37 motion was not proper at all? No the rule 37 motion was proper and then the rules require for rule 37 for motions filed under rule 37 then proceed under rule 12.1 so my argument is that rule 37 rule 37 is like limited exception and so if the government actually wanted to file a reconsideration motion it needed to dismiss its appeal first and then file under rule 37 otherwise it invites its gamesmanship where parties are proceeding in both forms and so the the possibility in this in this particular appeal is that even if the appellate court denied remand under rule 12.1 so the government moved under rule 37 and it was up to this court under rule 12.1 whether the case stays here or goes back down but even if this court denied remand under 12.1 then actually the government could have at any point during the appellate litigation it could have dismissed its appeal and then gone back down to the district court potentially even after briefing and then whoever would have lost would have could have started over again and gone back to that to this court and then so that's the kind of gamesmanship that the rules are designed to avoid that's why rule 37 rule 12.1 are pairs they work together and there's no effect of a rule 37 motion other than under rule 12.1 to give this court more information about whether to go back or to stay here council in your view what was the effect of the oral motion to reconsider so the or i think there's no effect because the only thing that district court could do with a motion not filed pursuant to rule 37 is to dismiss it for lack of jurisdiction so the only thing the government could do is move under rule 37 for a relief that's prohibited which is for reconsideration but then the only what what what case are you relying upon to support your position that the oral motion was of no effect so i'm relying on griggs which is basically there there is i'm relying on rule 12.1 and uh rule and the supreme court's decision in the barra because there's no decision uh that the government has cited or that i know of where a rule 37 motion has that effect that the government is asking for that so rule 37 motion has any kind of effect outside of rule 12.1 well is there a case that says it cannot have that effect i think rule 12.1 said rule 12.1 presumes that a remand is required in order for rule 37 motion to have any effect and so without a remand there there cannot be any effect to that motion and so the rule 37 motion also couldn't have extended the government's uh deadline to actually file for reconsideration one question i have though rule rule 12.1 says if a timely motion is made in the district court for relief so it seems to suggest that when the motion is made in the district court that that sets it makes it timely or else or else 12.1 doesn't even take effect so why wouldn't the oral motion make it a timely motion then rule 37 and 12.1 then come into effect so i think that would mean that you can only move for reconsideration in the district court within 30 days of final judgment even in light of rule 37 and i think the other uh so that rule 37 was intended to only apply to well the rule the committee had in mind were like for a sentence modification or based on new evidence so the timeliness refers to the event that happened that allows uh that makes a motion timely so i think for reconsideration motions that refers to the actual decision from this court for example under the local rules a reconsideration motion is timely if it's brought within a certain time of a decision from a higher court or new new evidence being found so here the motion was timely because it was within a reasonable time of caring ethe being decided but i think it would prove too much to say that a motion if something is on appeal you have to then bring a reconsider or you have to bring the motion in the district court in a timely fashion uh otherwise the district court could could reject it when it comes back down from the court of appeals and if i may uh reserve the remainder of my time please yes you may we'll hear from the government good morning your honors may it please the court nikhil bagot on behalf of the united states the government timely move for reconsideration of the district court's ruling on artiagas first motion to dismiss and it properly exercise its inherent authority to reconsider that order moreover the mere fact that the nta that was first served on mr artiaga didn't bear the immigration court's address did not deprive the immigration court of subject matter jurisdiction over his entire case and that's for two reasons first the regulations themselves are not jurisdictional and second even if they are the ins in this case complied with them um given uh the court's discussion with my colleague i think i'll start with the uh issue of the district court's reconsideration um the district court here dismissed the indictment on january 8th and the government first sought reconsideration on february 1st which is well within that 30 day time frame that has been established by this court's cases in jones and other cases there's nothing to restrict the government from seeking reconsideration while in the district court while the appeal was pending uh this court said that in jones or at least that in jones and in coolman um and i think judge boom tay you hit the nail on the head uh my friend keeps saying this rule 37 motion there's no such thing as a rule 37 motion rule 37 only dictates what the district court can do when it receives a substantive motion in this case the substantive motion uh was motion for reconsideration um and i think in their papers they talk about well there was a rule 37 motion on february 1st but the substantive motion didn't really come until february 22nd i think the court has the record of the uh february 1st hearing transcript i think it's clear that everyone uh was under the understanding that the government was moving for reconsideration uh the district court comes out of the gate and says well let me guess you're going to move for reconsideration right uh and then the government sort of responds to that so um i think with respect to the the reconsideration motion it's clearly timely um and and again if you look at the the application notes to rule 37 the advisory committee notes they actually contemplate the filing of a timely motion um while jurisdiction is with the court of appeals um i think okay council i think i'd like to move on no no may i ask you a question regarding your citation to jones are you talking about united states versus jones 608 s second 386 i believe so your honor so tell me the precise language in that case that allows the district court to reconsider its ruling while the appeal is pending while the appeal is pending in the appellate court so your honor the um what jones said uh and that is give me a pin site and some language your honor i apologize i don't have the pin site right in front of me but my understanding of jones is that it said that the government's notice of appeal did not preclude the district court from acting within its own power inviting and entertaining the request for reconsideration and in that case the district court actually invited the government to bring a second motion for reconsideration while the notice of appeal was pending um so i think from from jones we can we understand that the mere filing of the notice of appeal does not preclude the district court from acting to reconsider its own motion and that's that's why i wanted you to give me the precise language because jones seems to say it's a reconsideration is appropriate during the time uh that an appeal can be taken not when the appeal has actually been filed well your honor uh he did also say that and i think the government's motion for reconsideration here was on february 1st and that is well within the that 30-day limit uh the the time that the appeal could be taken under section uh 3731 well there's a distinction between the time when the appeal may be taken and the time when it's actually fouled because when it's fouled it divests the district court of jurisdiction generally that's correct your honor it divests the district court of jurisdiction to act right but it doesn't just because the motion just because the notice of appeal has been filed and the district court doesn't have jurisdiction that doesn't preclude a party from filing the motion to reconsider uh because that's exactly what rule 37 was designed for rule 37 is designed for uh the district court to take some sort of action while the uh while it doesn't have jurisdiction on a motion that it gets while it doesn't have what it did in this case which is file the which is do the indicative rule if we discount if we discount the or motion for reconsideration was the motion for consideration reconsideration timely your honor i i think it's a more difficult case for us i think our argument in that case would be if the court were to consider that the the motion for reconsideration was filed not on papers the briefs were filed i think that's a more difficult case for us i think our argument would be that um the time the the 30 days um the the 30-day clock is only running while the district court has jurisdiction um but but certainly i think in our in this case our our primary argument is it was filed within the within the 30 days it was filed on february 1st it was an oral motion uh the if you look at even the minutes um that's that court record 47 um it's clear that everyone uh everyone was under the understanding that the motion for reconsideration was filed the court recognized that it had been made did it not i'm sorry your honor the district court recognized that that oral motion was a motion correct yes your honor so the yes your honor the district court recognized that and it also recognized that in its order uh this this jurisdictional argument was brought below um in mr artiaga's second motion to dismiss and the district court expressly recognized that it had considered it as an as an oral motion made on february 1st because again there is no such thing as a rule 37 motion the only motion that possibly could have been made um was this was this motion for reconsideration um your honors with the court's permission i'd like to move on briefly to the immigration court issue um i think cancel yeah the one question i had is the the the what the government pretends to cure the defect which is er 40 147 what is that document it doesn't say that it's nta it says it's a notice of custody redetermination so how would that cure uh any defect in the nta um so your honor that goes to the regulation so um if you look at the cases they talk about at hcfr 1003.18 and 1003.18 says look if the nta itself didn't have the address on it because it wasn't practicable it's up to the immigration court then to provide notice of the time and place of the hearing later um and that's what this document does um i think the the regulation 0.18 doesn't specify that it has to be a particular type of document or have a particular title on it all it says is the immigration court has to give notice later um and i think our position is that even though this is titled a notice of custody redetermination hearing um it is it's still providing notice and there's no dispute as to there's no dispute in the record as to the fact this document was served um i think you know council raises something about whether it was actually received or not but it was certainly served was was this issue presented to the district court because that seems like it would take some fact finding uh the district court did not consider this this issue of the of the the subsequent piece of paper no your honor um and i i think i think our arguments um with respect to to the immigration um issue i i think i think largely this this um this issue is is governed by uh by aguilar-ferman i think in aguilar-ferman the uh court this court deferred to the bia in rosales-vargas on both of these two regulations uh 1,003.14 and 1,003.15 sub b sub six i think that is really the um i think that's sort of the narrowest way way to decide this um but counsel in those cases the subsequent documents were in the same nature of the notice to appear here there's something different than the usual immigration documents what do you make of that so uh you're absolutely right your honor i think what i would point the um they're uh both on page 894 895 and particularly i point the court to footnote four of judge biby's opinion i think that um part of aguilar-ferman really makes it clear that the this court is giving deference to the bia's right um bia's findings in rosales-vargas which found that both of these right both of these regulations that are at issue here are not jurisdictional they don't go to subject matter jurisdiction um and they simply don't um and they simply are not a basis to come in later um like mr artiaga is doing uh and claim that his entire proceeding was null and void your honors counsel would you object to a remand on this issue for the district court to sort it all out i'm sorry what issue your honor on the issue of jurisdiction and whether or not there was adequate notice to the hour your honor i don't think this court needs to do that i think the the question was would you object to it your honor i think if the court believes that that is germane to the to the issue here to decide it then i think we would be fine with that but i don't actually think the court needs to needs to go there i think we can decide we can decide if we need to do it or not objection yes any other questions all right rebuttal thank you thank you your honor just uh three quick points one uh the government could not have moved for reconsideration in the district court because it needs to leave to move for reconsideration so its motion could not have been a motion for reconsideration well if the the usual procedure is you move for leave first and then you move for reconsideration i don't think the court could grant leave while the case is up for appeal and it doesn't know what the court of appeals is going to do with that whether it's going to keep this as an appeal or send it back down uh second i think that the rules presume that rule 37 is going to function in conjunction with rule 12.1 and i think there's uh a danger to separating these and one possible uh gamesmanship that i would identify in this situation is if truly all the all the government needed to do was move under rule 37 then it really could wait until briefing was done a panel was appointed and then just dismiss the appeal and then its initial motion under rule 37 would have been all it needed to do and then well i think no one disagrees with that the government could have done that the issue is whether the government was required to do that well so what i'm trying to uh what i'm trying to say is that the rules shouldn't allow a kind of situation where the government could move under rule 37 and just sit on it for as long as it wants because then this court's rule 12.1 authority doesn't matter even if this court denied remand under 12.1 the government could sit on it all the way down the line and then just dismiss its appeal because it had reserved its uh prophylactic rule 37 motion way earlier on the case and my argument is that the rules aren't they're designed not to work in that way they're designed to put the authority in this court to decide under rule 12.1 if the government dismissed the appeal sure then it can move for reconsideration within the time it's their prerogative but once they moved under rule 37 they were bound by the rule 12.1 all right thank you counsel you've exceeded your time thank you to both counsel the case just argued is submitted for decision by the court the next
judges: Siler, Rawlinson, Bumatay